UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| COURTNEY GOODEN, | : |
| Plaintiff, | : |
| v. | : CASE NO. 3:09CV2063(RNC) |
| DEPARTMENT OF CORRECTIONS, ET AL. | : |
| Defendants. | : |

## RULING ON "MOTION TO SUBMIT PROOF OF SERVICE"

The *pro se* plaintiff, Courtney Gooden, brings this lawsuit against his employer. The named defendants are the State of Connecticut Department of Corrections and Warden John Tarascio in his official capacity.

The Complaint was filed nearly one year ago. Pursuant to Fed. R. Civ. P. 4(m), the court is required to dismiss an action without prejudice if a defendant is not served within 120 days after the complaint is filed. In light of the plaintiff's *pro se* status, the court entered an order on July 19, 2010 requiring him to submit proof of service by August 6, 2010 or risk dismissal of the action. The plaintiff did not file proof of service. Instead, he filed the pending "Motion to Submit Proof of Service," doc. #12, with an attached certified mail receipt addressed to the Office of the

1

Attorney General.[1]  The court understands the plaintiff's motion as requesting a ruling that he has satisfied the service requirements of Rule 4.  The motion is DENIED.

The plaintiff is responsible for arranging service of the complaint.  A state government may be properly served by delivering a copy of the summons and complaint to the state's chief executive officer or in a manner authorized by the state's law for serving process.  Fed. R. Civ. P. 4(j).  "Connecticut law provides that service against the State, a State agency, or any officer, agent or employee of the State must be made by serving the Attorney General at the Attorney General's office or via certified mail. Conn. Gen. Stat. § 52-64."  Funches v. Conn. Dep't of Pub. Health, No. 3:08-CV-1714(RNC), 2010 U.S. Dist. LEXIS 1114, *3 (D. Conn. Jan. 7, 2010).  The statute requires such service to be made by a "proper officer."  Conn. Gen. Stat. § 52-64.  The plaintiff's own mailing therefore does not qualify as proper service of process.

To the extent the plaintiff asks the court to waive the requirements of Rule 4 on grounds that his mailing gave the defendants actual notice or because compliance with the rule is difficult due to problems he has had with certain state marshals, that request is also denied.  The requirements of Fed. R. Civ. P. 4 are not mere formalities that can be waived by the court.

---

[1] The plaintiff also asserts that he "has submitted proof" that defendant Tarascio was served in person by a state marshal.  However, there is nothing on the docket evidencing such service.

> Before a federal court may exercise personal jurisdiction
> over a defendant, the procedural requirement of service of
> summons must be satisfied. Service of summons is the
> procedure by which a court having venue and jurisdiction
> of the subject matter of the suit asserts jurisdiction
> over the person of the party served.

<u>Omni Capital Int'l v. Rudolf Wolff & Co.</u>, 484 U.S. 97, 104 (U.S. 1987)(internal citations and quotation marks omitted). Moreover, "whatever latitude *pro se* litigants may be entitled to with regard to procedural matters, it does not dispense with the requirements of service upon the opposing party." <u>Phills v. Ten Middle Assocs.</u>, No. 3:05CV01838(AVC), 2007 U.S. Dist. LEXIS 5966, *8-9 (D. Conn. Jan. 25, 2007).

The court grants the plaintiff a final opportunity to comply with the requirements of Rule 4. Plaintiff shall file proof of service in compliance with Fed. R. Civ. P. 4(l) on or before **January 4, 2011.** He is warned that the case will be dismissed without prejudice, pursuant to Fed. R. Civ. P. 4(m), if he does not comply with this order.

SO ORDERED at Hartford, Connecticut this 2nd day of December, 2010.

```
                _____/s/_____
                Donna F. Martinez
                United States Magistrate Judge
```